UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,

                Plaintiff,

      v.

COLLINS INK CORPORATION,

                Defendant.
_____

DECISION & ORDER

11-CV-6513L

## PRELIMINARY STATEMENT

For more than a decade, Collins Ink Corporation ("Collins") supplied ink to Eastman Kodak Co. ("Kodak") for use in its commercial ink-jet printers. (Docket # 26 at 1). The parties executed their most recent three-year agreement on December 15, 2008. (*Id*.). On October 10, 2011, Collins unilaterally terminated the agreement. (*Id*.). One week later, Kodak filed the instant lawsuit for breach of contract and simultaneously moved for a preliminary injunction to compel Collins to comply with its contractual obligations. (Docket ## 1, 3). On November 4, 2011, the district court granted Kodak's motion for a preliminary injunction, finding that Collins had failed to terminate the contract in accordance with the agreement's provisions.[1] (Docket # 26).

Collins served its answer on November 8, 2011, and asserted three counterclaims relating to Kodak's purported failure to comply with certain terms of the agreement. (Docket

---

[1] The parties agree that Collins subsequently provided notice of termination in accordance with the contractual provisions and that, pursuant to that notice, the agreement terminated on May 2, 2012. (*See* Docket ## 50; 77 at 2).

# 33). Specifically, Collins alleged that Kodak breached the agreement by "failing to provide records of all customers to whom Collins Ink branded inks were shipped; failing to share its production and shipping records with Collins Ink, [and] failing to comply with Section 1.05 [which required Kodak to provide monthly shipment data in order to allow Collins to verify Kodak's purchase of the required quantity of ink from Collins relative to other suppliers (88%)]." (Docket ## 33 at ¶ 78; 69-1 at 2). Collins's first counterclaim is for breach of contract based on Kodak's purported deficiencies identified above, which Collins maintains "justified Collins Ink's termination" of the agreement. (Docket # 33 at ¶ 79). The second counterclaim seeks a declaratory judgment that, *inter alia*, Kodak materially breached the agreement. (*Id*. at ¶¶ 80-81). The third counterclaim alleges that Kodak breached the duty of good faith and fair dealing by failing to provide adequate assurance to Collins under Section 2-609 of the Uniform Commercial Code. (*Id*. at ¶¶ 82-84).

On January 19, 2012, Kodak filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code. (*See* Docket # 67). Several weeks later, Collins filed the pending motion seeking an order compelling Kodak (1) to produce "end-user order history data," identifying each customer and the quantity and price of ink products shipped to the customers; (2) to allow Collins to conduct an audit of Kodak's books and records under Section 1.07 of the agreement in order to verify Collins's manufacture of 88% of the ink products sold by Kodak; and, (3) "to require Kodak to otherwise abide by the [a]greement." (Docket # 69-1 at 2, 4, 6).

Kodak opposes the motion on the grounds that it is subject to the automatic stay under Section 362 of the Bankruptcy Code. (Docket # 76). Oral argument on the issue was held

on April 16, 2012.[2]  For the reasons discussed below, I deny Collins's motion on the grounds that it is foreclosed by the automatic stay.

## DISCUSSION

Section 362 of the Bankruptcy Code mandates an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(1).  The Second Circuit has construed the term "action or proceeding" in Section 362 to encompass "any pleading that asserts a claim on which relief is sought."  *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994).  *See also In re Haworth*, 356 F. App'x 529, 531 (2d Cir. 2009), *cert. denied*, 131 S. Ct. 140 (2010).  In other words, although the stay does not apply to the defense of a claim initiated by a plaintiff who later becomes a bankruptcy debtor, it does apply to counterclaims asserted against a debtor plaintiff "notwithstanding the fact that the plaintiff initiated the lawsuit."  *Koolik v. Markowitz*, 40 F.3d at 568.  The purpose of the stay is to afford the debtor "time to organize its affairs" because defending claims asserted against it not only risks depleting the estate's assets, but also "may . . . distract a debtor's attention from its primary goal of reorganizing."  *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986).  *See Teichthesen v. Eagle Indus., Inc.*, 1993 WL 293989 (N.D.N.Y. 1993) ("[o]ne of the principal purposes of the automatic stay is to

---

[2]  The Court deferred briefing and argument on the substantive merits of the motion to compel pending decision on the stay issue.  (Docket ## 76, 80).

"preserve what remains of the debtor's insolvent estate and to provide a systematic and equitable liquidation procedure for all creditors").

Resolution of Collins's motion thus turns on whether it relates to the prosecution of its counterclaims or the defense of Kodak's claims against it.  Kodak argues that Collins's motion relates solely to the counterclaims because it seeks specific performance of those provisions in the contract which Collins asserts in its counterclaims that Kodak materially breached.  (Docket # 77 at 5).  Collins, in turn, is clearer about what it believes this motion is *not*, rather than what it *is*.  For example, in its papers, Collins maintains that its motion is not related to its counterclaims because the motion seeks a different form of relief – specific performance – than the counterclaims do – declaratory judgment and attorneys' fees and costs.  (Docket # 78 at 5).  At oral argument, counsel for Collins explicitly stated that the motion should not be viewed as a discovery motion related to its defenses.  Moreover, despite Collins's acknowledgment that the motion seeks equitable relief, it has not filed it in accordance with the provisions of the local rules governing motions for injunctive relief.  (*See* Rule 65 of the Local Rules of Civil Procedure for the Western District of New York).

Collins's motion, which is plainly injunctive in nature, seeks specific performance of the very provisions that Collins identifies in its counterclaims as having been materially breached by Kodak.  Its obvious relationship to the counterclaims is underscored by Collins's statement in its memorandum that the requested audit will allow Collins to "determin[e] the extent of Kodak's violations of the agreement" (Docket # 69-1 at 15) – the essence of Collins's first two counterclaims.  Contrary to Collins's position, the fact that its counterclaims do not expressly seek specific performance as a form of relief does not mean that the pending motion

that now seeks such relief is unrelated to those claims. *See, e.g., Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978) (under Rule 54 of the Federal Rules of Civil Procedure, court may order any relief to which prevailing party is entitled, even relief not explicitly sought in the pleadings); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) (same); *Evans Prods. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 923 (3d Cir. 1984) ("[s]pecific performance of a contract may be awarded on a claim seeking cancellation and recission"). Nor does the fact that the motion seeks injunctive relief take it outside the ambit of the Section 362 stay. *See, e.g., U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 918 (E.D.N.Y. 1999) ("all proceedings in this Court against [the debtor, including the pending preliminary injunctive relief motion] are subject to the automatic stay in bankruptcy"). Collins admittedly seeks an audit to develop evidence of Kodak's purported breaches – evidence that will undoubtedly be relevant to the prosecution of its counterclaims arising from those alleged breaches. If Collins prevails, it intends to request money damages in the form of an award of attorneys' fees and costs, which would diminish the bankrupt estate's assets and thus frustrate the primary purpose of the automatic stay.

In closing, I note that Collins is free to file a motion with the bankruptcy court for relief from the stay. To date, it has not done so.

## **CONCLUSION**

Accordingly, Collins's motion to compel Kodak to comply with particular provisions of its agreement with Kodak **(Docket # 69)** is **DENIED**.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
        May  10 , 2012